UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                   Case #10-CR-6211-FPG

v.

                                                                     DECISION & ORDER

DEVON SINCLAIR,

                              Defendant.
_____

      By text order dated December 14, 2010, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #67. The indictment in this case alleges that Defendant Devon Sinclair conspired to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Dkt. #1.

      Defendant's motions seek to suppress (1) photo identification procedures conducted on March 24, 2009 and July 7, 2009, (2) evidence seized from his place of business at 207 Lyell Avenue, Rochester, New York on November 10, 2010, and (3) statements he made on November 10, 2010 at the time of his arrest. Dkt. ##47, 59. Magistrate Judge Payson conducted a suppression hearing on June 3, 2011, where the government's sole witness was Special Agent Andrew Woeppel of the Drug Enforcement Administration ("DEA"). Defendant did not present any witnesses. Dkt. #91. On November 2, 2012 Magistrate Judge Payson issued her first Report and Recommendation (Dkt. #197), which recommends the denial of Defendant's motions to suppress his statements and the photo identification procedures. Magistrate Judge Payson reserved on the motion to suppress evidence, and ordered a supplemental hearing.

      The second hearing occurred on December 17, 2012, where Special Agent Woeppel again testified, along with DEA Special Agent Brian Hanley. Defendant did not present any

witnesses. Dkt. #208. On May 10, 2013 Magistrate Judge Payson issued her second Report and Recommendation (Dkt. #237), which recommends the denial of Defendants' motion to suppress the evidence recovered from 207 Lyell Avenue. Defendant's time to file objections had previously been extended and on July 19, 2013, Defendant timely filed his objections to each of these recommendations.

Since Defendant has filed objections, this Court must conduct a *de novo* review as to those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearings. Based upon that *de novo* review, I find no basis to alter, modify or reject either of Magistrate Judge Payson's Report and Recommendations.

Turning first to Defendant's motion to suppress the photo identification procedures that were utilized on March 24, 2009 and July 7, 2009, this Court agrees that the record clearly demonstrates that there was nothing improper about the challenged procedures. The record testimony established that each witness was shown a binder of 33 photos, and was simply asked if they recognized anyone in the pictures. The photos themselves were relatively the same size, consisted of 22 African-Amereican men and 11 women, and each picture was contained on a separate page. On this record, this Court concludes, as did Magistrate Judge Payson, that neither the procedure nor the photographs themselves were unduly suggestive.

In objecting to Magistrate Judge Payson's determination, Defendant suggests "the procedure certainly may have been" unduly suggestive. Defendant presents no specific evidence to support this contention. Instead, he suggests that the Agents who testified are not credible. However, "the Second Circuit has instructed that where a Magistrate Judge conducts an

evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, No. 11-CR-266, --- F. Supp. 2d ---, 2013 WL 4407100 at *1 (W.D.N.Y. Aug. 19, 2013) (Arcara, J.) (*citing Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) and *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). This Court finds no basis to disturb Magistrate Judge Payson's credibility determinations. As such, and based upon this Court's determination that the procedure was not unduly suggestive, there is no basis to suppress the photo identifications.

Next, Defendant seeks the suppression of statements he made on November 10, 2012 on the grounds that he does not recall being advised of his *Miranda* rights. The government bears the burden of establishing a defendant's knowing and voluntary waiver of his *Miranda* rights in order for the statements to be admissible. *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995) (citation omitted). Here, the testimony established that before Defendant was questioned, Agent Woeppel utilized a standard DEA form to read Defendant his *Miranda* rights. After hearing his rights read to him, Defendant indicated that he understood his rights, and agreed to speak with the agents. At no time did Defendant ask to speak with a lawyer, nor did he indicate in any way that he wished to terminate the interview. Additionally, there is no evidence that the agents threatened or coerced Defendant. As a result, this Court agrees with Magistrate Judge Payson, and finds that the totality of the circumstances demonstrate that Defendant was advised of, and waived, his *Miranda* rights, and therefore no basis for suppression exists.

Finally, Defendant's motion to suppress evidence seized from his place of business at 207 Lyell Avenue, Rochester, New York turns on the question of consent[1]. The government bears the burden of establishing by a preponderance of the evidence that consent to search was freely and voluntarily given. *United States v. Isiofia*, 370 F.3d 226, 231 (2d Cir. 2004). "Voluntariness

---

[1] The government initially advanced the plain view doctrine as a basis to support the seizure, but later withdrew their reliance on that theory after it was discovered that prior testimony was incorrect, as discussed *infra*.

is a question of fact determined by a 'totality of all the circumstances.'" *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)).

While the Court will not recount all of the details here, as Magistrate Judge Payson thoroughly recounted in her second Report and Recommendation, the testimony given by Agent Woeppel undoubtedly differed from the first hearing to the second hearing. Indeed, Woeppel himself admitted that his prior testimony was inaccurate, and sought to correct his testimony at the second hearing. At that second hearing, Woeppel testified that the marijuana was not discovered during a security sweep, but was actually discovered during the challenged consent search. Magistrate Judge Payson found Woeppel's testimony on this point to be unequivocal. Additionally, DEA Special Agent Brian Hanley testified that after Defendant was arrested, himself, Agent Woeppel, and DEA Special Agent Timothy Kernan holstered their weapons, and Woeppel asked if Defendant would execute a written consent form. Defendant agreed, Hanley uncuffed Defendant's right hand, after which he signed the form. The agents spoke to Defendant in a normal tone, and did not make any threats or promises to Defendant. Hanley further testified that after signing the consent form, Defendant was transported to the DEA offices. After Defendant left the premises, Hanley began searching the premises and located a bag of marijuana in a red toolbox.

The gravamen of Defendant's objection is that the admitted inconsistencies in Woeppel's testimony undermine the credibility of the government's witnesses, and should result in the suppression of all evidence. This Court disagrees.

To be sure, material inconsistencies exist, and were admitted to by Agent Woeppel in the second suppression hearing. Magistrate Judge Payson determined that Woeppel's original testimony was not *intentionally* misleading, and she specifically found that his testimony at the second suppression hearing, as well as his explanation as to why he testified inaccurately at the

4

first hearing, to be credible. This Court will not disturb those credibility determinations, especially in light of the previously cited authority.

In evaluating the totality of the circumstances, this Court concludes that Defendant's consent to search was voluntarily made, and is therefore valid. The uncontroverted testimony establishes that after Defendant was taken into custody, the Drug Enforcement Administration agents holstered their weapons, and asked Defendant if they could search the location. Defendant agreed, and there is no evidence to suggest that Defendant's consent was anything but voluntary.

While the Court agrees with Magistrate Judge Payson's analysis and recommendation that suppression is not warranted under these circumstances, the Court is concerned about the fact that a federal agent admitted that he provided materially false testimony to Magistrate Judge Payson. Critical to Magistrate Judge Payson's determination that suppression is not warranted is that the testimony was not intentionally misleading nor part of a larger pattern of misconduct. This Court is equally concerned by the government's lack of ensuring that the arguments made to the Court were grounded in facts.

Although the incorrect testimony in this case was corrected, and thus no prejudice inured to Defendant, that does not excuse what occurred. The failure by the government to redress this situation over the next many months is also troubling. Only through Magistrate Judge Payson's diligent scouring of the original hearing, and her determination that additional evidence was required in order to accurately ascertain what occurred during the challenged seizure, was the record made clear. While this Court agrees with Magistrate Judge Payson that suppression is unwarranted in this case due to the fact that the testimony was not intentionally misleading, but rather was the product of inexcusable carelessness, and further because the testimony was corrected and Defendant was therefore not prejudiced, all parties -- especially the government --

who appear before this Court must remember that they have an ethical obligation to ensure that the arguments they are making are based upon facts, and attorneys and witnesses alike must be diligent in ensuring their presentations are indeed accurate.

This Court fully agrees with Magistrate Judge Payson's recommendation that Defendant should be able to introduce evidence of Agent Woeppel's inaccurate testimony if the government elects to call him or, alternatively, that if he is not called, that the Defendant may subpoena and examine him regarding these statements should the marijuana seized from 207 Lyell Avenue be offered into evidence. The government shall timely inform the Court and the Defendant as to whether or not Agent Woeppel will be a government witness, such that compliance with the Department of Justice's *Touhy* regulations may be achieved if the Defendant seeks to subpoena Agent Woeppel. The Court deems this an appropriate sanction for the misrepresentations.

In sum, based on the totality of the circumstances, this Court concludes, as did Magistrate Judge Payson, that the government has met its burden of establishing that Defendant voluntarily consented to the search at issue, and therefore, suppression is not warranted.

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendations filed by United States Magistrate Judge Marian W. Payson (Dkt. ##197, 237) in their entirety, and Defendant's motions to suppress statements, evidence, and photo identification procedures (Dkt. ##47, 59) are denied in all respects.

IT IS SO ORDERED.

DATED:    Rochester, New York
          November 22, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge